IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNY ROBERTSON<br>311 Fowles Road<br>Berea, Ohio 44017 | )<br>)<br>)<br>) | CASE NO:<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES** |
| THE METROHEALTH SYSTEM<br>2500 MetroHealth Drive<br>Cleveland, Ohio 44109 | )<br>)<br>)<br>)<br>)<br>) | <u>(Jury Demand Endorsed Herein)</u> |
| Defendant. | ) | |

Plaintiff, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## INTRODUCTION

1. Plaintiff is a resident of the city of Berea, county of Cuyahoga, and state of Ohio.

2. The Metrohealth System ("Metrohealth") is a domestic corporation with a principal place of business located at 2500 Metrohealth Drive, Cleveland, Ohio 44109.

3. Metrohealth is an employer, pursuant to 42 U.S.C. § 12111.

4. Metrohealth is an employer, pursuant to Ohio Rev. Code § 4112.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Robertson is alleging federal law claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

6. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2019-01997.

7. On October 30, 2019, Plaintiff received a Right to Sue letter, dismissing Charge No. 532-2019-01997, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

8. Plaintiff has properly exhausted her administrative remedies.

9. Plaintiff files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

10. All material events alleged in this Complaint occurred in Cuyahoga County.

11. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

12. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

15. In or around February 2010, Robertson was hired by Defendant as a tele-triage nurse.

16. In or around 2015 Robertson and Christina Ashburn, another tele-triage nurse, began working from home.

17. In November 2017 Robertson's husband passed away.

18. After losing her husband, Robertson was diagnosed with anxiety, depression, and post-traumatic stress disorder, which prevents Robertson from leaving her home for extended periods of time.

19. Robertson's anxiety, depression, and post-traumatic stress disorder, substantially limit one or more major life activity, including concentrating and thinking.

20. Robertson, as a result of her anxiety, depression, and post-traumatic stress disorder, is disabled for the purposes of the ADA.

21. Alternatively, Defendant regarded Robertson as disabled, as a result of Robertson's anxiety, depression, and post-traumatic stress disorder.

22. Notwithstanding any disability, actual or perceived, Robertson remained, at all times material herein, fully qualified for the position of tele-triage nurse at Metrohealth.

23. Because of her anxiety, depression, and post-traumatic stress disorder, Robertson took Family and Medical Leave Act ("FMLA") continuous leave in December 2018 and April 2019.

24. Robertson had applied for, and was also granted, intermittent FMLA leave in March 2018.

25. Robertson disclosed her disability to Metro Health when she requested the FMLA leave.

26. After Robertson took FMLA leave and disclosed her disability, Robertson's manager, Brigid Gast, started retaliating against her for taking FMLA.

27. Alternatively, Gast started treating Robertson differently because Robertson is disabled.

28. In February 2019 Gast reversed the approval of Robertson's vacation time, citing to staffing concerns, but allowed other employees to take vacation under the same circumstances.

29. On or about April 4, 2019 Robertson complained to Human Resources that Gast denied her vacation in retaliation for taking FMLA.

30. Prior to April 4, 2019, Robertson had never received any discipline.

31. After Robertson's April 4, 2019 complaint, Gast began scrutinizing Robertson's calls.

32. After Robertson's April 4, 2019 complaint, Gast gave Robertson a final warning for purportedly making an error.

33. The purported error was Robertson's failure to open a triage on a patient call, however the patient already had been triaged and was merely calling to reschedule an appointment.

34. Robertson's co-worker, Helga Markovich, had failed to open a triage on multiple calls, but was never disciplined.

35. On or about June 1, 2019 Robertson was informed that she could no longer work from home.

36. On or about June 1, 2019 Robertson requested the reasonable accommodation of working from home.

37. Robertson's co-worker, Cathy Joelson, another tele-triage nurse, was able to continue working from home after June 1, 2019.

38. Other tele-triage nurses on other shifts were also able to continue working from home after June 1, 2019.

39. Metrohealth's refusal to accommodate Robertson was in contravention of the ADA.

40. On or about June 13, 2019 Metrohealth terminated Robertson.

41. Defendant terminated Robertson because she was disabled.

42. Alternatively, Defendant terminated Robertson because Defendant regarded Robertson as disabled.

43. Alternatively, Defendant terminated Robertson in retaliation for Robertson utilizing FMLA leave.

44. Alternatively, Defendant terminated Robertson in retaliation for Robertson opposing an unlawful practice under FMLA.

45. Defendant's termination of Robertson, because of Robertson's disability, actual or perceived, was in contravention of Ohio Rev. Code § 4112.

46. Defendant's termination of Robertson, in retaliation for Robertson's request for an accommodation, was in contravention of Ohio Rev. Code § 4112.

## COUNT I: FMLA INTERFERENCE

47. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. Robertson was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A) and was entitled to leave, pursuant to 29 U.S.C. § 2612 (a)(D).

49. Robertson had been approved for intermittent leave pursuant to 29 U.S.C. § 2612(b).

50. Defendant's termination of Robertson while approved for intermittent leave, was an interference with rights granted by the FMLA.

51. As a direct and proximate result of Defendant's unlawful conduct, Robertson has suffered and will continue to suffer damages.

## COUNT II: FMLA INTERFERENCE

52. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53. Robertson complained about an unlawful practice under the FMLA.

54. Defendant terminated Robertson because Robertson opposed an unlawful practice under the FMLA and, in doing so, Defendant violated the FMLA's proscriptions against retaliation.

55. As a direct and proximate result of Defendant's unlawful conduct, Robertson has suffered and will continue to suffer damages.

## COUNT III: FMLA RETALIATION

56. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. Robertson was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A) and was entitled to leave, pursuant to 29 U.S.C. § 2612 (a)(D).

58. Defendant terminated Robertson because of Robertson's exercise of rights afforded by the FMLA and, in doing so, Defendant violated the FMLA's proscriptions against retaliation.

59. As a direct and proximate result of Defendant's unlawful conduct, Robertson has suffered and will continue to suffer damages.

## COUNT IV: FAILURE TO ACCOMMODATE

60. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. Throughout her employment, Robertson was fully competent to perform the duties of her position at Metrohealth

62. Robertson is and, at all times material herein, was disabled.

63. Robertson repeatedly requested reasonable accommodations of Defendant.

64. Defendant repeatedly refused to engage in an interactive dialog with Robertson concerning Robertson's requested accommodations.

65. Defendant revoked Robertson's reasonable accommodations.

66. Defendant refused to reinstate Robertson's reasonable accommodations.

67. Defendant's refusal to engage in an interactive dialog was in violation of 42 U.S.C. § 12112 and Ohio Rev. Code § 4112.

68. Defendant's refusal to accommodate Robertson's disability was in violation of 42 U.S.C. § 12112 and Ohio Rev. Code § 4112.

69. As a result of Defendant's unlawful conduct, Robertson has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## **COUNT V: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO REV. CODE § 4112.02**

70. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Robertson was actually disabled.

72. Robertson notified Defendant that she had a disability.

73. Defendant acknowledged that Robertson was disabled.

74. Defendant regarded Robertson as disabled.

75. Robertson's disability substantially impaired one of more of her major life activities, including concentrating and thinking.

76. Despite her disabling condition, Robertson was fully competent and qualified for the position at Metrohealth.

77. Robertson remained able to perform the essential functions of her job.

78. Defendant treated Robertson less favorably than other similarly-situated employees based on her disabling condition.

79. Defendant terminated Robertson's employment based on her actual and/or perceived disability.

80. Defendant violated Ohio Rev. Code § 4112.02 by discriminating against Robertson based on her disabling condition.

81. As a result of Defendant's unlawful conduct, Robertson has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## **CONCLUSION**

Plaintiff, seeks judgment against the Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory

damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

                                    Respectfully Submitted,

                                    /s/ *Claire I. Wade-Kilts*
                                    Claire I. Wade-Kilts (0093174)
                                    Sobel, Wade & Mapley, LLC
                                    2460 Fairmount Boulevard, Ste 314
                                    Cleveland, Ohio 44106
                                    T: (216) 223-7213
                                    F: (216) 223-7213
                                    Wade@swmlawfirm.com

                                    *Attorney For Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)

*Attorney for Plaintiff*